[Cite as *State v. Ryan*, 2026-Ohio-2529.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | |
|---|---|
| STATE OF OHIO : | |
| : | C.A. No. 2025-CA-65 |
| Appellee : | |
| : | Trial Court Case No. 2025CR0245 |
| v. : | |
| : | (Criminal Appeal from Common Pleas |
| PHILLIP MICHAEL RYAN : | Court) |
| : | |
| Appellant : | **FINAL JUDGMENT ENTRY &** |
| : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on July 2, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
MICHAEL L. TUCKER, JUDGE

EPLEY, J., and HANSEMAN, J., concur.

DAVID R. MILES, Attorney for Appellant
MEGAN A. HAMMOND, Attorney for Appellee

TUCKER, J.

{¶ 1} Phillip Michael Ryan appeals from his conviction following guilty pleas to one count of abduction and two counts of aggravated menacing.

{¶ 2} Ryan contends the trial court erred in accepting pleas that were not knowingly, intelligently, and voluntarily entered. He also argues that his 30-month prison sentence for abduction is unsupported by the record and contrary to law. Finally, he claims the trial court failed to address intensive program prison in its judgment entry.

{¶ 3} We conclude that Ryan entered valid pleas under Crim.R. 11(C), that his 30-month sentence is lawful and not subject to vacation or modification, and that the trial court's failure to address his placement in an intensive program prison was not erroneous. Accordingly, we affirm the trial court's judgment.

**I. Background**

{¶ 4} A grand jury indicted Ryan on charges of abduction with a firearm specification, unlawful restraint, telecommunications harassment, and two counts of aggravated menacing. He agreed to plead guilty to abduction without the firearm specification and to both counts of aggravated menacing. He also agreed to pay restitution in an amount to be determined but not more than $1,500. Finally, he acknowledged that he would not receive intervention in lieu of conviction and that he would be found guilty. In exchange, the State agreed to dismiss the other charges and to defer to a presentence investigation report at sentencing.

**{¶ 5}** Following Ryan's completion of a Rule 11 notification and waiver form and his participation in a change-of-plea hearing, the trial court accepted the guilty pleas and made findings of guilt. It later imposed a 30-month prison sentence for abduction and two concurrent 180-day terms of incarceration for aggravated menacing. Ryan timely appealed, advancing three assignments of error.

## II. Analysis

**{¶ 6}** The first assignment of error states:

**THE TRIAL COURT ERRED IN ACCEPTING APPELLANT'S GUILTY PLEAS AS NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY MADE.**

**{¶ 7}** Ryan contends the trial court violated Crim.R. 11(C)(2)(a) and (b) by accepting his guilty pleas without (1) assuring that he understood the nature of the charges and the effect of a guilty plea and (2) advising him that it could proceed to judgment and sentence upon accepting the pleas.

**{¶ 8}** The requirements of Crim.R. 11(C)(2) apply to "felony cases." Here Ryan pled guilty to both felony abduction and misdemeanor aggravated menacing. Under these circumstances, and absent any argument from the State, we treat the misdemeanor charges as part of the felony case and apply Crim.R. 11(C)(2), which imposes more rigorous requirements than those applicable to pleas in misdemeanor cases, to the entire plea proceeding. *See State v. Rusu*, 2012-Ohio-2613, ¶ 8 (9th Dist.) ("The trial court's duty during a plea colloquy, however, depends upon the nature of the 'case,' not the nature of the individual offenses within a case. Rusu's case was a felony case because, in addition to the first-degree misdemeanor, he pleaded guilty to two felonies.").

3

**{¶ 9}** "To satisfy the requirements of due process, a guilty plea must be made knowingly, intelligently, and voluntarily, and the record must affirmatively demonstrate as much." *State v. King*, 2025-Ohio-1570, ¶ 6 (2d Dist.). "For a plea to be made knowingly, intelligently, and voluntarily, the trial court must follow the mandates of Crim.R. 11(C)." *Id*. "Crim.R. 11(C)(2)(c) mandates that the trial court inform the defendant of the constitutional rights he is waiving, namely the right to a jury trial, the right to confront witnesses, the right to compulsory process, the right against self-incrimination, and the right to require the State to establish guilt beyond a reasonable doubt." *Id*. at ¶ 7. Ryan does not challenge the trial court's compliance with Crim.R. 11(C)(2)(c).

**{¶ 10}** Ryan's argument addresses Crim.R. 11(C)(2)(a) and (b), which do not involve constitutional rights. Among other things, Crim.R. 11(C)(2)(a) obligated the trial court to determine that he understood the nature of the charges, and Crim.R. 11(C)(2)(b) obligated it to assure that he understood the effect of a guilty plea and that, upon acceptance, it could proceed to judgment and sentencing. Without demonstrating prejudice, Ryan cannot obtain vacation of his guilty pleas unless the trial court completely failed to comply with its obligations under Crim.R. 11(C)(2)(a) or (b). *See State v. Gowdy*, 2025-Ohio-5575, ¶ 21 (recognizing that a defendant is excused from showing prejudice only if a trial court fails to explain the constitutional rights in Crim.R. 11(C)(2)(c) or completely fails to comply with any requirement of Crim.R. 11). If a trial court even partially complies with its obligations under Crim.R. 11(C)(2)(a) and (b), prejudice must be shown. The test is whether the plea otherwise would have been made, and prejudice must exist on the record. *Id*. at ¶ 20.

**{¶ 11}** Here the trial court asked Ryan whether he and his attorney had discussed the nature of the charges and potential defenses. Ryan responded that he had talked to defense counsel about those things. The trial court then reviewed the plea paperwork with him.

4

Noting Ryan's signature on the Rule 11 notification and waiver form, the trial court confirmed that he had reviewed it with his attorney and that he understood it. The form included a written acknowledgement by Ryan that he understood "the nature of the charge(s), effect of my plea(s), and that upon acceptance of my plea(s) the Court may proceed with judgment and sentence." During the change-of-plea hearing, Ryan also acknowledged understanding that his guilty pleas constituted complete admissions "that he committed the allegations contained in the charges."

{¶ 12} The record demonstrates that the trial court at least partially satisfied its obligations under Crim.R. 11(C)(2)(a) and (b). Ryan acknowledged on the record that he had reviewed plea paperwork with his attorney addressing his understanding of the nature of the charges, the effect of his plea, and the fact that the trial court could proceed with judgment and sentence. The trial court also orally advised him of the effect of his guilty pleas. *Compare State v. Stewart*, 2025-Ohio-1397, ¶ 11 (2d Dist.) (citing cases finding substantial compliance with Crim.R. 11(C)(2)(a) and (b) where a defendant signed a plea form containing the required information and indicated at a plea hearing that he had read and understood it). Because the trial court did not completely fail to comply with Crim.R. 11(C)(2)(a) and (b), Ryan is not entitled to have his pleas vacated absent a showing of prejudice. State v. *Dangler*, 2020-Ohio-2765, ¶ 23. Nothing in the record suggests that he would not have entered guilty pleas but for the trial court's failure to provide more complete explanations under Crim.R. 11(C)(2)(a) or (b). Therefore, we see no prejudice. The first assignment of error is overruled.

{¶ 13} The second assignment of error states:

**APPELLANT'S FELONY PRISON SENTENCE OF THIRTY MONTHS IS NOT SUPPORTED BY THE RECORD AND IS CONTRARY TO LAW.**

5

{¶ 14} Ryan acknowledges that his 30-month prison sentence for abduction is within the authorized statutory range. He also recognizes that the trial court considered the purposes of felony sentencing and the statutory seriousness and recidivism factors before imposing it. He asserts, however, that his sentence is unsupported by the record because he had no prior felony convictions, his risk assessment was low, he apologized to the victims, and he disarmed a co-defendant. Ryan also claims his 30-month sentence is contrary to law because the trial court based it on two impermissible considerations, namely his motive for committing the crime and his failure to have paid any significant restitution at the time of sentencing.

{¶ 15} Under R.C. 2953.08(G)(2), we may modify or vacate Ryan's sentence and remand for resentencing only if we clearly and convincingly find that the record fails to support specified findings or that the sentence is contrary to law. Here the trial court was not required to make any findings under R.C. 2953.08(G)(2). Therefore, the only issue is whether Ryan's sentence is contrary to law.

{¶ 16} "A sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." *State v. Brown*, 2017-Ohio-8416, ¶ 74 (2d Dist.). In the present case, Ryan concedes that his 30-month sentence is within the authorized range and that the trial court considered R.C. 2929.11 and R.C. 2929.12. As a result, the sentence is not contrary to law on either of those grounds.

{¶ 17} As for Ryan's claim that his sentence is unsupported by the record because the trial court inadequately considered certain mitigating evidence, we are not authorized to modify or vacate his sentence on that basis. We cannot "independently 'weigh the evidence

6

in the record and substitute [our] judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12.'" *State v. Bartley*, 2023-Ohio-2325, ¶ 9 (2d Dist.), quoting *State v. Jones*, 2020-Ohio-6729, ¶ 42. Even assuming, arguendo, that we agreed with Ryan, "an appellate court's conclusion that the record does not support a sentence under R.C. 2929.11 or 2929.12 is not the equivalent of a conclusion that the sentence is 'otherwise contrary to law' as that term is used in R.C. 2953.08(G)(2)(b)." *Jones* at ¶ 34. The governing statute, R.C. 2953.08(G)(2)(b), "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Id.* at ¶ 39.

{¶ 18} Ryan correctly notes, however, that a sentence may be contrary to law for another reason. In *State v. Bryant*, 2022-Ohio-1828, a four-member majority of the Ohio Supreme Court reasoned that a sentence is contrary to law if it is based on impermissible considerations extraneous to R.C. 2929.11 and 2929.12. Ryan addresses what he believes are two impermissible considerations cited by the trial court—his motive for committing abduction and his failure to have made "a significant dent" in restitution.

{¶ 19} Regarding Ryan's motive, the trial court asked him at sentencing, "Why did you do it?" He responded by attributing his actions to "drinking alcohol" and "a series of really poor judgments." We are unconvinced that his motive for engaging in criminal conduct was an improper consideration extraneous to the statutory seriousness and recidivism factors. As noted by the State, a defendant's reasons for committing a crime might be relevant to several factors pertinent to the seriousness of the offense and the likelihood of recidivism.

{¶ 20} As for Ryan's lack of progress making restitution, this court has recognized a defendant's failure to make pre-sentence restitution payments as a potential sentencing consideration related to his attitude about his offense and remorse. *State v. Saunders*, 2011-

7

Ohio-391, ¶ 31-32, 37 (2d Dist.). In any event, it does not appear that the trial court considered Ryan's lack of restitution when it sentenced him to 30 months in prison. During the sentencing hearing, the trial court expressed surprise that he had been working for the prior six months and had not made a "significant dent" in restitution. The prosecutor immediately interjected that the restitution figures had "fluctuated greatly." The prosecutor added, "And so, I will give credit to [Ryan] in the sense that that restitution figure has not been finalized until as of recent[ly]." The trial court responded, "Okay. Very good. I appreciate that." Thereafter, nothing was said about a lack of restitution payments influencing Ryan's 30-month sentence. Under these circumstances, we see no basis for modifying or vacating the sentence under R.C. 2953.08(G)(2). The second assignment of error is overruled.

{¶ 21} The third assignment of error states:

**THE TRIAL COURT ERRED IN FAILING TO COMPLY WITH R.C. 2929.14(I).**

{¶ 22} Ryan notes that R.C. 2929.14(I) authorizes a trial court to recommend a defendant's placement in a shock probation program or an intensive program prison, disapprove placement in these programs, or make no recommendation. Here the trial court did not mention either program at sentencing. Nor did its judgment entry reference shock probation.

{¶ 23} Ryan points out, however, that the judgment entry did reference intensive program prison. It included three empty boxes that the trial court could mark—one indicating approval, one indicating disapproval, and one making no recommendation. The trial court did not mark any of the boxes. Ryan contends the trial court erred in failing to do so, leaving him unsure about whether it intentionally declined to make a recommendation or whether its

failure to mark a box was clerical error. As a remedy for the omission, he requests a remand for resentencing.

{¶ 24} Upon review, we find Ryan's argument to be unpersuasive. He correctly notes that a trial court has discretion to recommend intensive program prison, to disapprove it, or to make no recommendation. However, if a trial court recommends or disapproves such a placement, R.C. 2929.19(D) obligates it to make a finding that gives reasons for its decision. Here the trial court's judgment entry included two empty lines for it to give reasons for recommending or disapproving intensive program prison. The trial court left those lines empty and did not mark a box indicating its recommendation or disapproval of intensive program prison. Under these circumstances, we reasonably may infer that the trial court purposefully declined to make any recommendation. Although the trial court could have marked the "no recommendation" box, its failure to mark the boxes recommending or disapproving intensive program prison, combined with its failure to provide any reasons for recommending or disapproving intensive program prison, sufficiently conveyed that it was not making a recommendation. In short, the absence of an explicit recommendation or disapproval was no recommendation, regardless of whether the trial court checked the "no recommendation" box. Accordingly, the third assignment of error is overruled.

### III. Conclusion

{¶ 25} The judgment of the Greene County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

EPLEY, J., and HANSEMAN, J., concur.

9